UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-                       Cr. No. 21-452(S-1)(JS)

BRIAN SULLIVAN,

               Defendant.
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF RELEASE ON BAIL**

**LONG TUMINELLO, LLP**
**DAVID BESSO, ESQ.**
*Attorneys for the Defendant*
120 Fourth Avenue
Bay Shore, New York 11706

1

## **ARGUMENT IN SUPPORT**

### **A. Introduction**

Since June 2020, Defendant, Brian Sullivan, (hereinafter "Mr. Sullivan") has been held in pretrial detention pending state charges. On September 30, 2021, Mr. Sullivan was arraigned in the United States District Court: Eastern District of New York on the charge of one (1) count of Conspiracy to Distribute and Possess Controlled Substances and one (1) count of Use of Firearms in Connection with a Drug Trafficking Crime. A copy of the Superseding Indictment is annexed hereto, marked as **Exhibit A.** At such time, a Pretrial Services Report was issued, whereby it was recommended that Mr. Sullivan remain in detention. A copy of the Pretrial Services Report is annexed hereto, marked as **Exhibit B.** At this point in time, no trial date has been set.

Thus, Mr. Sullivan – who merely stands accused and has already been detained for the last sixteen (16) months without any forward movement by the prosecution – now faces an indefinite period of pretrial detention.

Upon review, the recommendation set forth in the Pretrial Services Report is not only self-conflicting, but fails to take into consideration material factors that mitigate any potential risk of nonappearance or danger, all of which only compounds the inequity of Mr. Sullivan's continued detention.

Therefore, based upon the argument set forth hereinafter, it is respectfully requested that Mr. Sullivan be released on bail.

### **B. Standard of Review**

In pertinent part, 18 U.S.C.A. § 3142(a)(1-4) provides that:

> Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be--

> **(1)** released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;
> **(2)** released on a condition or combination of conditions under subsection (c) of this section;
> **(3)** temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or
> **(4)** detained under subsection (e) of this section.

Said statute further provides that

> The judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court, subject to the condition that the person not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a), unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.

18 USCA § 3142(b).

In such event, the judicial officer "shall order the pretrial release of the person" subject to the conditions set forth in § 3142(b) and "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C.A. § 3142(c)(1A-B).  To this end, the statute provides a non-exhaustive list of further conditions, including, in pertinent part, residing with a designated person who agrees to assume supervision, maintaining employment, reporting to a designated law enforcement agency, refraining from possessing a firearm and/or undergoing treatment. 18 U.S.C.A. § 3142(c)(1B)(i-xiv). Notably, 18 U.S.C.A. § 3142(c)(1B)(xiv) provides for "any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community." Ultimately, "conditions of release must be imposed on an

individualized basis, and must not be broader than necessary in light of the circumstances of the individual defendant." *U.S. v. Lee*, 972 F.Supp.2d 403 (E.D.N.Y., 2013).

The Second Circuit has noted that: "[I]n enacting the Bail Reform Act, Congress recognized 'the traditional presumption favoring pretrial release for the majority of Federal defendants.' " *U.S. v. Karper*, 847 F.Supp.2d 350 (2d Cir. 2011) (quoting *U.S. v. Berrios-Berrios*, 791 F.2d 246 (2d Cir. 1986)) (finding that consideration of alternatives to detention is "no less important" simply because the person is considered to pose a risk of flight); *see e.g.*, *United States v. Bigelow*, 544 F.2d 904 (6th Cir.1976) (vacating denial of bail to drifter who threatened the President); *United States v. Wright*, 483 F.2d 1068 (4th Cir.1973) (affirming grant of bail to accused smuggler with no identifiable roots); *United States v. Soto Rivera*, 581 F.Supp. 561 (D.P.R.1984) (granting bail under strict reporting conditions to defendant charged with bank robbery and murder).

### C. Mr. Sullivan's release subject to conditions is sufficient to reasonably assure his appearance in this matter and the safety of any other person and the community

The Pretrial Services Report acknowledges the following facts: that Mr. Sullivan is a "lifetime resident" of Suffolk County (**Exhibit B, p. 1**); that his father continues to reside in Mr. Sullivan's childhood home (**Exhibit B, p. 1**); that Mr. Sullivan's father has "expressed he is willing to serve as a surety" (**Exhibit B, p. 2**); that Mr. Sullivan's father "would be willing to post his home . . . as collateral" (**Exhibit B, p. 2**); that in 2016 Mr. Sullivan was sentenced to Willard Drug Treatment Campus, completed an outpatient program at St. Charles and "has not used prescription opiates since" (**Exhibit B, p. 2-3**); and, of particular import, that Mr. Sullivan's pending matter before the Suffolk County 1ˢᵗ District Court, Town of Brookhaven (Case No.: CR-016693-20SU) will be dismissed (**Exhibit B, p. 3**).

Yet, notwithstanding these facts, the Post-Trial Services Report avers that Mr. Sullivan poses a risk of nonappearance for the following reasons: 1) Substance Abuse History; 2) Lack of Verifiable, Legitimate Employment; 3) Criminal History; and/or 4) Pending State Charges. **Exhibit B, p. 4.** Thereafter, notwithstanding the plethora of conditions contained within 18 U.S.C.A. § 3142(c)(1B)(i-xiv), the Pretrial Services Report goes on to aver that "no condition or combination of conditions" will reasonably assure Mr. Sullivan's appearance and the safety of any other person and the community.

### i. Substance Abuse History

With regard to Mr. Sullivan's Substance Abuse History, there are several available conditions that would reasonably assure his appearance and the safety of any other person and the community.

First, and in pertinent part, 18 U.S.C.A. § 3142(c)(1B)(i), provides that as a condition of release the person will "**(i)** remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court, if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community." To this end, upon his release, Mr. Sullivan intends to reside with his father, who has already expressed a willingness to serve as a surety of Mr. Sullivan's compliance. **Exhibit B, p. 1.** Mr. Sullivan's father has submitted an Affidavit, attached hereto, marked as **Exhibit C**, further attesting to his willingness to serve as a surety. As acknowledged in the Pretrial Services Report, Mr. Sullivan's father continues to reside in Mr. Sullivan's childhood home, located in Suffolk County where Mr. Sullivan has been a "lifelong resident." **Exhibit B, p. 1.**

Second, and in pertinent part, 18 U.S.C.A. § 3142(c)(1B)(ix) provides that as a condition of release the person will "refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), without a prescription by a licensed medical practitioner." Such condition could be easily imposed upon Mr. Sullivan who has not used prescription drugs since 2016 following the successful completion of his sentence to Willard Drug Treatment Campus and his outpatient treatment at St. Charles. **Exhibit B, p. 2-3.** Mr. Sullivan has also candidly admitted that he has used cocaine; however, such use has been limited to three (3) occasions in a four (4) year span. **Exhibit B, p. 3.** That Mr. Sullivan has admitted to such mistake only demonstrates his respect for these proceedings, his veracity and his assumption of responsibility for his actions – qualities that do not pose a risk of his non-appearance.

Regardless, even if his prior substance abuse were still cause for concern, 18 U.S.C.A. § 3142(c)(1B)(x) provides that as a condition of release the person will "undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose." As evidenced by the successful completion of his sentence to Willard Drug Treatment Campus and his outpatient treatment at St. Charles, Mr. Sullivan would readily submit to such condition.

Thus, based upon the aforementioned, there are several conditions specifically tailored to Mr. Sullivan's substance abuse history that would address any concerns stemming therefrom and would reasonably assure his appearance and the safety of any other person and the community, which renders the Pretrial Service Report's recommendation erroneous.

### ii. Lack of Verifiable, Legitimate Employment

It is grossly inequitable to cite a lack of verifiable, legitimate employment as a reason for Mr. Sullivan's continued detention when he has been detained for the last sixteen (16) months, which has impeded his ability to maintain verifiable, legitimate employment. Mr. Sullivan's lack of employment as a risk of non-appearance is irrelevant given that 18 U.S.C.A. § 3142(c)(1B)(ii) provides that as a condition of release even in the event a person is unemployed. Specifically, 18 U.S.C.A. § 3142(c)(1B)(ii) provides that as a condition of release the person will "maintain employment, **or, if unemployed, actively seek employment**." (emphasis added).

To this end, and as fully set forth in his supporting Affidavit, Mr. Sullivan's father is the co-owner of an electrical company and has attested that, upon his release, Mr. Sullivan can resume his employment at such company, where he has previously worked. **Exhibit C, Page 2.** It is crucial to note that Mr. Sullivan's father – who has agreed to act as surety – would not only oversee Mr. Sullivan at home, but also at work, which comprehensive supervision only strengthens the assurance of Mr. Sullivan's appearance.

Thus, based upon the aforementioned, there is a condition specifically tailored to Mr. Sullivan's employment that would address any concerns stemming therefrom and would reasonably assure his appearance and the safety of any other person and the community, which renders the Pretrial Service Report's recommendation erroneous.

### iii. Criminal History

Mr. Sullivan has only one (1) prior conviction, which occurred in 2016 when he pled guilty to Attempted Robbery in the 2nd Degree, a class D Felony. **Exhibit B, p. 3.** Regardless, that case only demonstrates Mr. Sullivan's ability to comply with conditions imposed upon him. Notably: no warrant was ever issued for Mr. Sullivan's arrest as he always appeared in court as required;

Mr. Sullivan pled guilty, demonstrating his cooperation with the prosecution; Mr. Sullivan successfully completed his sentence to Willard Drug Treatment Campus and voluntarily undertook additional treatment; Mr. Sullivan successfully completed two (2) years' post-release supervision; and Mr. Sullivan never violated the terms and conditions imposed upon him by virtue of an order of protection issued against him. **Exhibit B, p. 3.** Thus, if anything, Mr. Sullivan has demonstrated that when involved in the criminal justice system, he can be relied upon to comply with the terms and conditions imposed upon him.

Regardless, if Mr. Sullivan's limited criminal history is a concern, 18 U.S.C.A. § 3142(c)(1B)(vi) provides that as a condition of release the person will "report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency."

Thus, based upon the aforementioned, there is a condition that would ameliorate any concerns stemming from Mr. Sullivan's limited criminal history and would reasonably assure his appearance and the safety of any other person and the community, which renders the Pretrial Service Report's recommendation erroneous.

### iv. Nature of the Instant Offense

Mr. Sullivan stands accused of one (1) count of Conspiracy to Distribute and Possess Controlled Substances and one (1) count of Use of Firearms in Connection with a Drug Trafficking Crime. **Exhibit A.** However, it is imperative to note that Mr. Sullivan was never found in possession of a firearm. Moreover, there is no proof that the firearms found on Mr. Sullivan's co-defendants were used in the furtherance of the alleged conspiracy; thus, there is no proof that Mr. Sullivan can be attributed to those firearms. Regardless, 18 U.S.C.A. § 3142(c)(1B)(vi) provides that as a condition of release the person will "refrain from possessing a firearm, destructive device, or other dangerous weapon." Thus, there is a condition that would ameliorate any concerns

8

stemming from the nature of the instant offense and would reasonably assure his appearance and the safety of any other person and the community, which renders the Pretrial Service Report's recommendation erroneous.

### v. Pending State Charges

As acknowledged within the Pretrial Service Report, the pending state charges will be dismissed; therefore, noting the pending state charges as a basis for any risk of non-appearance is erroneous.

### D. Proposed Bail Package

In addition to the aforementioned conditions, Mr. Sullivan's father is willing to post his home and property he owns in Norway, New York as collateral to secure Mr. Sullivan's release. **Exhibit C, p. 2.** Moreover, both of Mr. Sullivan's grandmothers are also willing to post their homes as collateral to secure Mr. Sullivan's release. **Exhibit C, p. 2.**

### CONCLUSION

In pertinent part, 18 U.S.C.A. § 3142(c)(1B)(xiv) provides that as a condition to release the person will "satisfy any other condition that is reasonably necessary to assure the appearance of the person and to assure the safety of any other person and the community." Thus, it is well within this honorable Court's discretionary authority to impose any other condition, in addition to the aforementioned, that would enable Mr. Sullivan's release. Ultimately, there are numerous conditions that would reasonably assure Mr. Sullivan's appearance and the safety of any other person and the community. Therefore, Mr. Sullivan respectfully requests that he be released on

bail pending trial, together with such other and further relief as to this Court may seem just and proper.

Dated: November 10, 2021
      Bay Shore, New York

                                          _____
                                        DAVID BESSO, ESQ.

# EXHIBIT A

CCC:JK
F. #2021R00258

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

████████████████████████
████████████████████████
████████████████████████████

BRIAN SULLIVAN,
████████████████████████
████████████████████

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - X

**RECEIVED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   SEP 29 2021   ★

LONG ISLAND OFFICE

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>21-452 (S-1)(JS)</u>
(T. 21, U.S.C., §§ 841(b)(1)(A)(i),
841(b)(1)(A)(ii)(II), 841(b)(1)(A)(iii),
841(b)(1)(A)(vi) and 846; T. 18, U.S.C.,
§§ 924(c)(1)(A)(i), 2 and 3551 <u>et</u> <u>seq.</u>)

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Conspiracy to Distribute and Possess Controlled Substances)

      1.    In or about and between June 2019 and June 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ████████████████████████████████████████

████████████████████████ BRIAN SULLIVAN, █████████████████████

████████████████████████████████ together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute controlled substances, which offense involved (a) a substance containing heroin, a Schedule I controlled substance; (b) a substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanimide

("fentanyl"), a Schedule II controlled substance; (c) a substance containing cocaine, a Schedule II controlled substance; and (d) a substance containing cocaine base, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).   The amount of heroin, fentanyl, cocaine and cocaine base involved in the conspiracy attributable to ███████████████████████ SULLIVAN ██████████ as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was (a) one kilogram or more of a substance containing heroin, (b) 400 grams or more of a substance containing fentanyl, (c) five kilograms or more of a substance containing cocaine and (d) 280 grams or more of a substance containing cocaine base.   The amount of cocaine involved in the conspiracy attributable to ██████████████████ as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was five kilograms or more of a substance containing cocaine.

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(iii) and 841(b)(1)(A)(vi); Title 18, United States Code, Sections 3551 et seq.)

## COUNT TWO
(Use of Firearms in Connection with a Drug Trafficking Crime)

2.       In or about and between June 2019 and June 2020, both dates being approximate and inclusive, within the Eastern District of New York, the defendants ██████████████████████████ BRIAN SULLIVAN, ██████████ ███████████████████████████████ together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a

3

drug trafficking crime, to wit: the crime charged in Count One, and did knowingly and intentionally possess said firearms in furtherance of such drug trafficking crime.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

A TRUE BILL

███████████████████████

FOREPERSON

JACQUELYN M. KASULIS
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.M# 2021R00218
FORM DBD-34
JUN. 85

No. _____

UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

BRIAN SULLIVAN,

Defendants.

## SUPERSEDING INDICTMENT

(T. 21, U.S.C., §§ 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II),
841(b)(1)(A)(iii), 841(b)(1)(A)(vi) and 846;
T. 18, U.S.C., §§ 924(c)(1)(A)(i), 2 and 3551 et seq.)

A true bill.

_____
Foreperson

Filed in open court this _____

of _____ A.D. 20 ____

Bail, $ _____

_____
Clerk

*Christopher C. Caffarone, Assistant U.S. Attorney (631) 715-7868*

# EXHIBIT B

PS3 (12/05-Rev. for PACTS 6/11)                              Brian Sullivan / 0207 2:21CR00452-001

In accordance with Local Rule 57.1, Pretrial Services Reports are made available to Defense Counsel and the
Government. The Pretrial Reports are not public record, are not to be reproduced or disclosed to any other party, and
shall remain confidential as provided in Title 18 U.S.C. § 3153(c)(1).

## PRETRIAL SERVICES REPORT

| District/Office | Charge(s) (Title, Section, and Description) |
|---|---|
| Eastern District Of New York/Central Islip | Title 21 U.S.C. § 846 - Conspiracy to Distribute and Possess Heroin, Fentanyl, and Cocaine |
| **Judicial Officer** Honorable Steven Tiscione United States Magistrate Judge | Title 18 U.S.C. § 924(c) - Use of a Firearm in Connection with a Drug Trafficking Crime |
| **Docket Number (Year – Sequence No. – Def. No.)** 0207 2:21CR00452-001 | |

## DEFENDANT

| Name Sullivan, Brian | Employer/School Unemployed for 1 year, 3 months | |
|---|---|---|
| **Other Names on Charging Document** | | |
| **Address** Suffolk County Correctional Facility 200 Yaphank Avenue Yaphank, NY 11980 | **Employer/School Address** | |

| At Address Since 06/27/2020 | Time in Community of Residence life | Monthly Income $0 | Time with Employer/School N/A |
|---|---|---|---|

## INTRODUCTION:

The defendant was received as a writ of habeas corpus ad prosequendum from Suffolk County Correctional,
where he has been detained since June 2020. He is scheduled to appear before Your Honor having been
charged in an indictment with Conspiracy to Distribute and Possess Heroin, Fentanyl, and Cocaine; in violation
of Title 21 U.S.C.§ 846, and Use of a Firearm in Furtherance of Drug Trafficking Crime, in violation of 18
U.S.C. § 924(c).

## DEFENDANT HISTORY / RESIDENCE / FAMILY TIES:

The defendant, age 26, advised he was born on July 14, 1995, in Suffolk County, New York, where he has
remained a lifetime resident. He shared that he is the youngest of three children born of his parent's union,
having an older brother and an older sister. According to the defendant, his parents are now divorced, and his
mother resides in Florida, while his father remains in his childhood home at 18 Colony Road, Port Jefferson
Station, NY 11776. If released, he intends to reside with his father, niece and nephew at the aforementioned
address in Port Jefferson Station. The defendant explained that his father has custody of his sister's children,
who are ages 9 and 10. The defendant is reportedly single and denied fathering any children. He reported
having positive relationships with his relatives.

PS3 (12/05-Rev. for PACTS 6/11)                                           Brian  Sullivan / 0207 2:21CR00452-001

## CITIZENSHIP/IMMIGRATION STATUS/PASSPORT INFORMATION:

The defendant advised having a U.S. passport that is located at his father's residence. He advised traveling internationally for family vacations during his adolescence.

## VERIFICATION OF SOCIAL HISTORY:

Pretrial Services spoke with the defendant's father, James Sullivan, who corroborated his date of birth, social history information, and familial ties.  A LexisNexis-Accurint inquiry corroborates the defendant's date of birth and social security number and lists his last known address as 18 Colony Road, Port Jefferson State, NY 11776. His address history includes West Babylon, Lake Grove, and Patchogue, NY.

## EMPLOYMENT HISTORY / FINANCIAL RESOURCES:

### Employed/Unemployed History:

The defendant has been incarcerated at Suffolk County Correctional for the past 16 months. Prior to his incarceration, the defendant did not provide a history of stable employment but advised being an electrical helper with his father.  His father corroborated the above statement of the defendant.

### Finances:

The defendant denied having any assets, liabilities, or bankruptcy filings.

## POTENTIAL SURETY INFORMATION:

The defendant's father, James Sullivan, expressed he is willing to serve a surety.  He advised being self-employed as the co-owner of a family electrical company and reported his approximate earnings as $55,000 per year.  Furthermore, Mr. Sullivan stated that he would be willing to post his home located at 18 Colony Road, Port Jefferson Station, as collateral.  He believes the current market value to be approximately $380,000 with $210,000 mortgage balance, which would leave approximately $170,000 in equity.

## HEALTH:

### Physical Health:

The defendant stated he is in good physical health but suffers from asthma for which he is prescribed Albuterol as needed.  His father corroborated the defendant's statement.

### Mental Health:

The defendant denies any history of a mental health treatment.  His father corroborated the defendant's statement.

### Substance Abuse:

The defendant reported the use of cocaine and prescription opiates beginning at the age of 19.  He reported previously taking one to two Percocet pills per day and using cocaine approximately once per month in social settings.  In 2016, follow his conviction for Attempted Robbery, the defendant advised being sentenced to

Page 2

Willard Drug Treatment Campus and then completed an outpatient program at St. Charles, and has not used prescription opiates since. He advised using cocaine on approximately three occasions between 2016 until his incarceration approximately 16 months ago. The defendant's father corroborated his statements regarding substance abuse.

## PRIOR RECORD:

A criminal record check conducted through the National Crime Information Center (NCIC), state, and local records revealed the following arrest history.

| Date of Arrest | Agency | Charge | Disposition |
|---|---|---|---|
| 01/08/2016 (Age 20) | Suffolk County Court; Town of Brookhaven, NY; Case No.: 00129A-2016 | -- Robbery-1st:Displays What Appears To Be A Firearm (Class B Felony) -- Robbery-2nd:Aided By Another (Class C Felony) -- Robbery-3rd Degree (Class D Felony) -- Criminal Possession Controlled Substance- 7th Degree (Class A Misdemeanor) | 07/26/16: Convicted Upon Plea of Guilty --Attempted Robbery-2nd Degree (Class D Felony) 09/13/16: Sentenced 2 years' Post Release Supervision Time, and an Order of Protection |
| 09/13/16: Received by Parole as Sentenced to Parole 09/13/18: Discharged by Maximum Expiration | | | |

| 06/27/2020 (Age 24) | Suffolk County 1st District Court; Town of Brookhaven, NY; Case No.: CR-016693-20SU | -- Criminal Sale Controlled Substance-1st:2 Oz Narcotic Drug (Class A Felony) -- Crim Possession Controlled Substance-1st: Narcotic Drug 8 Ozs Or More (Class A Felony) -- Operating As A Major Drug Trafficker/Profiteer Possesses 75K Or More (Class A Felony) | This a pending matter in which the defendant is scheduled to appear in Suffolk County Court on October 08, 2021. He is currently being held on $5,000 Cash or $5,000 Bond. |
| *According to the United States Attorney's Office, this case is directly related to the instant offense, and will be dismissed at a later date.* | | | |

A Department of Motor Vehicles (DMV) inquiry, conducted for informational purposes only, revealed that the defendant has a valid New York State driver's license with an address listed at 18 Colony Road, Port Jefferson Station, NY 11776.

PS3 (12/05-Rev. for PACTS 6/11)                          Brian Sullivan / 0207 2:21CR00452-001

## ASSESSMENT OF NONAPPEARANCE:

The defendant poses a risk of nonappearance for the following reasons:

1. Substance Abuse History
2. Lack of Verifiable, Legitimate Employment
3. Criminal History
4. Pending State Charges

## ASSESSMENT OF DANGER:

The defendant poses a risk of danger for the following reasons:

1. Nature of Instant Offense
2. Prior Arrests and Convictions
3. Substance Abuse History

## RECOMMENDATION:

There is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community. Therefore, Pretrial Services respectfully recommends the defendant be detained.

| Pretrial Services Officer | Date | Time |
|---|---|---|
| Mallori Brady | September 30, 2021 | 1:45 PM |
| Reviewed By | | |
| Melony C. Bedford, Investigations Coordinator   *MCB* | | |

Page 4

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
**UNITED STATES OF AMERICA,**

    -against-

**BRIAN SULLIVAN,**

                Defendant.
-------------------------------------------------------------X

           **AFFIDAVIT IN SUPPORT OF**
           **RELEASE ON BAIL**

           Cr. No. 21-452(S-1)(JS)

**STATE OF NEW YORK**   )
                       ) ss.:
**COUNTY OF SUFFOLK**   )

    **JAMES SULLIVAN,** being duly sworn, deposes and says:

1. That I am the father of the Defendant, Brian Sullivan, in the above-captioned matter and, as such, I am fully familiar with the facts and circumstances associated therewith.

2. That I submit this Affidavit in Support of my son's request to be released on bail.

3. I reside in a home that I own, subject to a mortgage, located at 18 Colony Road, Port Jefferson Station, New York 11776.

4. 18 Colony Road is the same home where Brian grew up.

5. At present, I reside in 18 Colony Road with my two (2) grandchildren, Brian's niece and nephew, as I have custody of them.

6. I am the President and co-owner of an electrical company, J.C. Sullivan Electric, Inc., where I work full-time.

7. I attest that I am ready, willing and able to act as a surety for my son – to assume his supervision and to report any violation of a release condition to the court.

      To that end, upon his release, Brian can come home to live with me. My home is a suitable environment, free of drugs and/or alcohol and firearms. The suitability of my home

1

environment is bolstered by the fact that I was awarded custody of my two (2) grandchildren.

Additionally, upon his release, Brian can work with me at J.C. Sullivan Electric, Inc. Employment will not only occupy Brian's time, but will provide him with a place to report, where he is accountable and has an opportunity to be productive.

Collectively, if permitted to live and work together, Brian will be under my supervision around the clock, which means that I will be able to reasonably assure that Brian is complying with the conditions of his release; that he will appear as required; and, that he will not pose a danger to the safety of any other person or the community.

8. I attest that I am also ready, willing and able to post my home, 18 Colony Drive, a plot of land I own in Port Jefferson Station, New York, and my interest in J.C. Sullivan Electric, Inc., as collateral to secure Brian's release.

To this end, I believe 18 Colony Drive has a current market value of approximately $380,000 and I have a remaining mortgage balance of approximately $210,000, which leaves approximately $170,000 in equity.

9. Moreover, I have spoken with Brian's grandmother who is willing to post her home as collateral to secure Brian's release. This home is located at 15 Ashbury Lane, Flagler Beach, Florida 32136.

10. Further, if this honorable Court imposes other conditions upon Brian, such as treatment and/or reporting to a designated law enforcement agency, I will assist in driving him to/from any appointment, either personally or by securing someone trustworthy to do so.

2

11. Overall, I attest that I will do everything in my power to ensure that Brian is complying with the conditions of his release; that he will appear as required; and, that he will not pose a danger to the safety of any other person or the community.

12. Thus, I respectfully implore this honorable Court to release my son on bail.

JAMES SULLIVAN

Sworn to before me this
16 day of October, 2021.

_____
Notary Public

DAVID H. BESSO
Notary Public, State of New York
No. 02BE4780379 Suffolk County
Commission Expires Sept. 30, 20 22

3